UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMILY NEWMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-CV-0687-CVE-FHM |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant The United States of America's Motion to Dismiss (Dkt. # 6). Defendant argues that plaintiff's complaint should be dismissed, because the one paragraph complaint filed by plaintiff does not contain any factual allegations or a jurisdictional statement and it unclear from the complaint whether defendant has waived sovereign immunity to plaintiff's claims. Dkt. # 6. Plaintiff responds that her complaint adequately alleges claims of negligence, strict liability, and possibly a Bivens[1] claim or a claim under 42 U.S.C. § 1983, but if the Court finds that plaintiff's complaint is deficient she requests leave to file an amended complaint. Dkt. # 7.

Plaintiff filed a complaint alleging that she was injured when she was bitten by a dog under the control of a Cherokee Nation Marshal, and the entire complaint states as follows:

> Plaintiff, for cause of action against Defendant, states: (1) Plaintiff is an Oklahoma Citizen. Defendant is a Federal entity. (2) Plaintiff was hurt in Delaware County January 23, 2014 when a Cherokee Nation Marshal negligently allowed a dog to attack Plaintiff and bite off part of her cheek, causing permanent disfigurement. The attack occurred when the Marshal circled Plaintiff's vehicle with the dog after already issuing her a warning ticket for a traffic violation. Tribal police officers employed pursuant to a self governance contract are considered federal employees under 25 U.S.C. §§ 450-450n. Defendant is strictly liable under 4 O.S. § 42.1. (3) The Marshal, acting under color of law, violated Plaintiff's rights under the 4th

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

> Amendment to the Constitution and federal laws by using excessive force and conducting an unreasonable search and seizure. (4) Plaintiff had injury and permanent disfigurement, incurred and will incur medical bills, and suffered pain as a result of her injuries. Plaintiff suffered severe emotional distress.

Dkt. # 1. Defendant has filed a motion to dismiss on the ground that plaintiff's complaint fails to provide notice of the claims she intends to assert, the factual basis for her claims, and the basis for invoking the jurisdiction of this Court.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,  555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level."  Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions."  Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant.  Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature.  Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual

averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Defendant argues that it is unclear from the complaint what claims plaintiff is alleging or even what happened, and the United States of America is entitled to sovereign immunity from plaintiff's claims unless she can establish that sovereign immunity has been waived. Dkt. # 6, at 3. Defendant acknowledges that the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (FTCA), could provide a waiver of sovereign immunity, but it argues that the complaint does not provide sufficient notice of plaintiff's claims to determine if sovereign immunity has been waived. Id. at 4. Plaintiff responds that it should be clear from the complaint that the basis for federal jurisdiction is the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 5301 et seq. (ISDEAA), and the FTCA. Dkt. # 7, at 2-3. Plaintiff describes the interaction between the ISDEAA and the FTCA and she claims that ISDEAA allows the United States to be sued for the actions of a tribal official. Id. at 4-6. Plaintiff argues that she can sue the United States for negligence, as well as strict liability under OKLA. STAT. tit. 4, § 42.1. She also claims that she is alleging a constitutional violation arising out of the dog-bite incident, and she believes that the complaint adequately states a claim under 42 U.S.C. § 1983 or Bivens.

The Court declines to consider the arguments raised in plaintiff's response (Dkt. # 7), because plaintiff's complaint is so deficient that the Court cannot determine if it has subject matter jurisdiction over this case. The law is clearly established that the United States may not be sued absent a waiver of sovereign immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980). The FTCA provides a waiver of sovereign immunity for certain claims, but the issue of sovereign immunity goes to the jurisdiction of the Court to hear plaintiff's claims and it is plaintiff's burden

to establish that the Court has jurisdiction over her case. Blueport Co., LLP v. United States of America, 71 Fed. Cl. 768, 772 (Fed. Cl. 2006). The Court could raise the issue of sovereign immunity sua sponte, because this is an issue going the Court's subject matter jurisdiction over a case. In re Jackson, 184 F.3d 1046, 1049 (9th Cir. 1999). The Court finds that plaintiff's complaint fails to comply with Fed. R. Civ. P. 8(a), because the complaint does not contain a "short and plain statement of the grounds for the court's jurisdiction." In addition, the complaint fails to give defendant sufficient notice of the claims being asserted and, in this case, this issue overlaps with the jurisdictional inquiry under the FTCA.[2] Plaintiff's complaint will be dismissed, and she will be permitted to file an amended complaint more clearly setting forth the basis for this Court's jurisdiction and the claims being asserted against defendant.[3]

**IT IS THEREFORE ORDERED** that Defendant The United States of America's Motion to Dismiss (Dkt. # 6) is **granted**, and plaintiff's complaint (Dkt. # 1) is **dismissed**. Plaintiff may file an amended complaint no later than **January 27, 2017**, and the failure to file an amended complaint will result in the dismissal of this case. Defendant's motion for miscellaneous relief (Dkt. # 12) is **moot**.

**DATED** this 20th day of January, 2017.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's response to the motion to dismiss highlights the inadequacies of her complaint, because there is no way that defendant could have anticipated the arguments raised in plaintiff's response from the sparse allegations of the complaint.

[3] If plaintiff intends to assert a Bivens or § 1983 claim, plaintiff should review the Tenth Circuit Court of Appeals' decision in Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008), for the pleading standard applicable to such claims.